IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| NATASHA PAYNE,<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Criminal Action No. 3:09-CR-156-3<br>Civil Action No. 3:10-CV-686 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Natasha Payne's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 100.) For the reasons stated below, the Court DENIES the Motion without an evidentiary hearing and DENIES a certificate of appealability.

### I.   FACTUAL AND PROCEDURAL HISTORY

Petitioner Natasha Payne ("Petitioner") and her co-conspirators distributed wholesale quantities of cocaine hydrochloride beginning in 2004 and continuing through May 2009. During the course of the investigation into Petitioner's illegal activity, law enforcement made a number of controlled buys from Petitioner and her co-conspirators.

A federal grand jury returned a seven-count indictment against Petitioner and her co-conspirators on May 18, 2009, charging them with conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base and more than five kilograms of cocaine hydrochloride; possession with intent to distribute cocaine hydrochloride; distribution of cocaine base; and several counts of distribution of cocaine hydrochloride. Law enforcement subsequently executed a search warrant at Petitioner's

1

residence, during which they recovered two handguns, ammunition, a mechanical cocaine press, press plates for kilogram and half-kilogram sized cocaine bricks, a vacuum sealer with bags, a user quantity of marijuana, and a book titled <u>Drug Trafficking, Part I</u>.

Petitioner pled guilty September 22, 2009, to count six of the indictment, which charged her with distribution of cocaine hydrochloride. Petitioner and the Government presented to the Court a statement of facts in support of the guilty plea. In the statement of facts, Petitioner stipulated that, beginning in 2004 and continuing through May 2009, she distributed cocaine hydrochloride. She further stipulated that the Government could prove she distributed or possessed with the intent to distribute at least 400 grams, but less than two kilograms,[1] of cocaine hydrochloride and she distributed a total of 228.4 grams of cocaine hydrochloride to a police cooperator in October 2008.

A presentence report was prepared, in which the probation officer calculated Petitioner's drug weight for relevant conduct purposes as 1,742.57 grams of cocaine hydrochloride, which gave Petitioner a base offense level of twenty-six. The presentence report included a two-point enhancement for possession of a dangerous weapon and a three-point reduction for acceptance of responsibility, resulting in a total offense level of twenty-five. With a criminal history category III, the resulting guideline range was seventy to eighty-seven months. Prior to sentencing, Petitioner objected to the dangerous weapon enhancement, the drug weight finding, and argued her criminal history category overstated

---

[1] Both parties refer to a drug weight between 400 grams and two kilograms. This range does not, however, appear to the Court to exist in the Sentencing Guidelines. The relevant drug ranges under § 2D1.1 of the Sentencing Guidelines are "at least 400 grams but less than 500 grams," which results in a base offense level of twenty-four, and "at least 500 grams but less than two kilograms," which results in a base offense level of twenty-six. The Court will refer to the relevant ranges as such. The Court notes that this change does not affect the outcome of Petitioner's sentencing hearing or the instant Motion.

2

her criminal past. Petitioner contended she should only be held accountable for 453.6 grams of cocaine hydrochloride. At sentencing, the Government agreed to concede the drug quantity if Petitioner would drop her objection to the firearm enhancement. Petitioner agreed. As a result, Petitioner's offense level dropped to twenty-three, resulting in a guideline range of fifty-seven to seventy-one months.  Petitioner's attorney successfully argued a motion for downward departure based on Petitioner's criminal history category overstating her criminal past. This Court sentenced Petitioner on December 14, 2009, to a prison term of fifty-one months, to be followed by three years of supervised release.

## I. LEGAL STANDARD

Title 28 of the United States Code, section 2255, provides a prisoner sentenced by a federal court with a procedural vehicle to challenge the constitutional and jurisdictional validity of her sentence. A prisoner in federal custody may attack her sentence on grounds that: (1) the sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail under § 2255, the movant must show by a preponderance of the evidence she is entitled to relief. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The Sixth Amendment entitles a person charged with a crime to effective representation, Strickland v. Washington, 466 U.S. 668, 686 (1984), at every "critical stage" of the proceedings against him, Kirby v. Illinois, 406 U.S. 682, 690 (1972). In considering a defendant's claim that her Sixth Amendment rights were violated due to ineffective assistance of counsel, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at

3

689. See also United States v. Dyess, 478 F.3d 224, 238 (4th Cir. 2007) (stating attorneys are presumed to have "rendered objectively effective performance").

A petitioner who alleges ineffective assistance of counsel as grounds for his § 2255 Petition must prove (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To satisfy the deficiency requirement, the petitioner "'must show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" Lewis v. Wheeler, 609 F.3d 291, 301 (4th Cir. 2010) (quoting Strickland, 466 U.S. at 688). To satisfy the prejudice requirement, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. If it is clear the petitioner has not satisfied one prong, a court need not inquire into whether she satisfied the other. Id. at 697.

**II.     DISCUSSION**

   a. Claim One: Counsel's Failure to Negotiate Guilty Plea Based on 228.4 Grams of Cocaine

Petitioner alleges her lawyer refused to negotiate a plea deal in which she would be held responsible for only 228.4 grams of cocaine. Petitioner states this is the total drug weight that could be directly attributed to her. Petitioner states she was adamant in insisting that her attorney negotiate a weight that accurately reflected her involvement in drug distribution. Petitioner alleges counsel refused to intervene on her behalf, saying there was nothing that could be done. Petitioner believes counsel allowing her to agree to a drug weight in excess of the amount directly attributable to her was prejudicial, as this

4

prohibited counsel from seeking a lower drug weight when objecting to the presentence report and allowed her offense level to be inflated.

The Government maintains the plea deal Petitioner believes her lawyer should have obtained for her was not available. The charge to which Petitioner pled carries the same statutory penalty as a plea to 228.4 grams. Thus, the plea itself would have been the same regardless of whether she agreed to a drug weight of 400 grams, 228.4 grams, or no drug weight at all. Her lawyer therefore could not have obtained a plea agreement different from the one Petitioner accepted. Consequently, counsel's performance regarding the plea agreement was not deficient.

The Government believes Petitioner's real issue is with the statement of facts. Section 6B1.4(a) of the United States Sentencing Guidelines permits a plea agreement to be accompanied by a statement of facts. The statement of facts must "not contain misleading facts." U.S.S.G. § 6B1.4(a)(2). Petitioner states her attorney was ineffective because she refused to negotiate a drug weight of 228.4 grams. The Government argues a stipulation to a drug weight of 228.4 grams would have been inaccurate and misleading. Because Petitioner admitted she was responsible for drug weight between 400 and 500 grams and the Government's evidence proved as much, counsel's negotiations regarding drug weight were within the range of reasonable professional assistance.

The Government further states even if Petitioner could prove her lawyer's performance fell below the range of reasonable assistance, she can show no prejudice. The statutory maximum term of imprisonment is the same for 228.4 grams and 400 grams of cocaine. Thus, the crime of conviction would not have differed. Even if counsel had been able to successfully negotiate a statement of facts limiting Petitioner's relevant conduct to

228.4 grams of cocaine, the Court was not bound by the statement and could have rejected the stipulation. Thus, Petitioner cannot show a reasonable probability that the outcome of her sentencing would have been different if her counsel had negotiated a statement of facts that involved 228.4 grams of cocaine.

Petitioner has not shown her lawyer's performance was deficient with respect to the drug weight negotiated in the statement of facts or that she was prejudiced by the inclusion of the drug weight. The record indicates Petitioner must have, at some point, believed the Government's evidence showed she distributed or possessed with intent to distribute 453.6 grams of cocaine. In her sentencing position, Petitioner requested that the Court hold her responsible for 453.6 grams of cocaine, in accordance with the evidence in the case. (Defendant's Position with Regard to Sentencing Factors 1, Dec. 7, 2009 (ECF No. 65).) Defendant's sentencing position states "[M]s. Payne, by counsel, hereby moves this Honorable Court to deviate from the computations contained in the PSR, and designate a Base Offense Level of 24 based on the fact that the Government's proof shows that Ms. Payne only had cause to reasonably foresee the sale of 453.6 grams of cocaine hydrochloride." (Id. at 6.) Moreover, Defendant affirmed under oath at her plea hearing that the stipulations contained in the statement of facts were true:

| | |
|---|---|
| The Court: | And how about you, Ms. Payne? Anything [in the statement of facts] that should be wrong – that's wrong that should be clarified or changed? |
| Petitioner: | No: |
| The Court: | Did you sign the statement of facts because the information in it is true? |
| Petitioner: | Yes. |

(Plea Transcript 25, June 10, 2011 (ECF No. 120-1).)

6

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." <u>Fields v. Attorney Gen. of Md.</u>, 956 F.2d 1290, 1299 (4th Cir. 1992). Petitioner has set forth no facts or evidence that permit this Court to find her lawyer acted outside the realm of reasonable professional assistance in failing to secure a stipulation to 228.4 grams of cocaine, despite the fact that Petitioner previously conceded she was responsible for more than 400 grams. Consequently, Petitioner's claim must fail.

      b.  <u>Claim Two: Counsel's Failure To Request A Continuance</u>

Petitioner states the Government offered to decrease the drug weight from 1.7 kilograms to 453.6 grams and her criminal history category from III to II immediately prior to her sentencing hearing, in exchange for a firearm enhancement. Petitioner states she did not have time to think about the Government's offer before the sentencing hearing began and her lawyer did not explain the costs and benefits of taking or rejecting the offer. Counsel refused to request a recess or continuance to explain the situation to Petitioner and assist Petitioner in making a decision. Petitioner believes the failure to ask for recess or continuance forced Petitioner to make an uncounseled decision regarding newly offered terms to her plea agreement.

Petitioner maintains the firearm enhancement in her presentence report was improper, as she "rightfully and lawfully" possessed her firearms. Petitioner alleges the attorney for the Government told her right before the sentencing hearing began "You may as well take [the agreement offered before sentencing] being that you bought the gun during the conspiracy." Petitioner states her attorney established she purchased the firearm seven months after the drug transactions that constituted overt acts in furtherance

of the conspiracy. Petitioner further states she did not plead guilty to conspiracy. Therefore, it was improper for the Government to seek a firearm enhancement. Petitioner states her attorney did nothing to clarify the attorney for the Government's statement, which Petitioner believes was intended to compel her to accept the offer on the table immediately prior to the sentencing hearing.

Petitioner next states but for counsel's failure to request a continuance or recess and her failure to correct the attorney for the Government's statement that the firearm was brought "during the conspiracy," Petitioner would not have had to make a critical decision about sentencing on the spot. Petitioner further argues, because counsel did not intervene on her behalf, the objection to the firearm enhancement was not before the Court and the Court did not resolve the objection. Petitioner believes it is reasonably likely that the Court would have withdrawn the enhancement, thus lowering Petitioner's offense level. Moreover, without the enhancement, Petitioner would not be deemed a violent offender by the Bureau of Prisons and would be eligible for benefits and programs such as the early release upon completion of the Residential Drug Abuse Program, the ability to volunteer at the children's center in the visitation room, the dog trainer program, and furloughs during the last two years of her sentence.

Finally, Petitioner contends counsel did not demand that the terms of the agreement made before the sentencing hearing be reduced to writing, as required by the plea agreement. Petitioner states the only way the terms could have been reduced to writing was if the sentencing hearing was continued. This would also have afforded counsel the opportunity to review the revised agreement with Petitioner and Petitioner could have made a counseled and informed decision. Moreover, Petitioner believes if the terms of the

agreement made prior to sentencing had been reduced to writing, it is reasonably likely that the firearm enhancement would have been removed and her total offense level and criminal history category would have been reduced, resulting in a guideline range below that which was ultimately applied in her case.

The Government states first and foremost that no new terms to the plea agreement were proposed prior to sentencing. Instead, at the outset of the sentencing hearing, the Government agreed to lower the offense level by two levels for a drug weight based on the minimum Petitioner stipulated in the statement of facts in exchange for Petitioner withdrawing her objection to the firearm enhancement. Petitioner's lawyer agreed after consulting Petitioner.

The Government maintains counsel's agreeing to drop the objection to the firearm enhancement in exchange for the Government agreeing to a lower drug weight was a strategic decision that fell within the range of reasonable professional assistance. The Government states counsel's objection regarding drug weight had some merit, as it sought to limit the drug weight to the actual amount Petitioner distributed, rather than the entire weight she helped others distribute. The firearm objection, on the other hand, was completely meritless. The presentence report states Petitioner and her co-conspirators used Petitioner's home for drug trafficking purposes. When law enforcement executed a search warrant at Petitioner's home, they found two firearms and drug paraphernalia. This evidence, combined with Petitioner's sworn stipulation that firearms were recovered from her home along with the indicia of distribution, demonstrates counsel acted within the realm of reasonable professional assistance when she gave up a meritless objection to

ensure a victory on a weak objection. Because of her lawyer's actions, Petitioner's total offense level was reduced by two levels, thus lowering her guideline range.

The Government also argues Petitioner has shown no prejudice. A continuance or recess would not have changed the outcome of her sentencing hearing. First, if the Government had not conceded the drug weight, Petitioner would have been accountable for a higher drug weight, which would have resulted in a higher offense level. Second, even if Petitioner had succeeded on the objection to the firearm enhancement, her total offense level would have been lowered to twenty-three, the same level she received as a result of the Government's agreeing to hold her accountable for a lower drug weight. The Government further states Petitioner was very unlikely to succeed on the firearm objection, given the facts in the presentence report and Petitioner's stipulations in the statement of facts. Had she not succeeded on the firearm objection, her offense level would have been twenty-five, resulting in a guideline range of seventy to eight-seven months.

Petitioner has not met the burden of showing her lawyer's refusal to seek a continuance immediately prior to sentencing was deficient or prejudicial. The Government did not propose new terms to her plea agreement or statement of facts when it agreed to concede the drug weight in exchange for Petitioner dropping the firearm enhancement objection. Instead, the Government and Petitioner's counsel essentially agreed to put before the Court what Petitioner stipulated in the statement of facts. Petitioner stipulated the Government could prove she distributed or possessed with intent to distribute at least 400 grams but less than 500 grams of cocaine hydrochloride between 2004 and May 2009 and that law enforcement recovered from Petitioner's residence a firearm, ammunition, and drug paraphernalia. Petitioner's lawyer's advising her to accept the offer on the spot

was a strategic decision designed to ensure a victory on at least one of Petitioner's objections. The Court does not find that this choice was "outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, as it virtually guaranteed a lower guideline range and, consequently, less jail time for Petitioner. Petitioner has set forth no information that would permit the Court to find counsel's performance was deficient because she failed to seek a continuance before counseling Petitioner to accept the Government's offer.

Petitioner has also failed to meet the requirements for showing prejudice. To the contrary, Petitioner actually concedes the agreement resulted in a more favorable sentence to her, although she maintains she was prejudiced by having to make a decision immediately and without the advice of counsel. Petitioner has thus not set forth, and the Court has no reason to believe, the outcome of her sentencing would have been different if counsel had moved the Court for a recess or continuance to allow Petitioner to consider whether her lawyer should withdraw the firearm enhancement objection in exchange for the Government conceding the drug weight. Because she has not shown the outcome of her sentencing hearing would have been different had counsel sought a recess or continuance, Petitioner's claim must fail.

### III. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability should issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show "jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated more fully above, no law or evidence suggests Petitioner is entitled to further consideration of these claims. A certificate of appealability is therefore denied.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES the Motion Under § 2255 without an evidentiary hearing and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this   29th   day of August, 2011.